**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**VALLEY PROTEINS, INC.,**

    **Plaintiff,**

v.                                                    Civil Case No. _____

**MID-SOUTH STEAM BOILER AND
ENGINEERING CO., INC.,**

                                                                **JURY TRIAL DEMANDED**

    Serve:  Secretary of the Commonwealth
              1111 East Broad Street, 4th Floor
               Richmond, Virginia 23219

    **Defendant.**

**COMPLAINT**

Valley Proteins, Inc. ("Valley Proteins"), by counsel, for its Complaint against defendant Mid-South Steam Boiler and Engineering Co., Inc. ("Mid-South"), states as follows:

**PARTIES**

1. Valley Proteins is a corporation duly organized and existing under the laws of the Commonwealth of Virginia with principal places of business located at 151 Valpro Drive, Winchester, Virginia 22603.

2. At all times material hereto, Valley Proteins was in the business of recycling restaurant greases and animal by-products, including the collection, processing and rendering of animal by-products at its rendering plant located at 22520 Lankford Highway, Accomac, Virginia 23301 (hereinafter referred to as "the rendering plant").

3. Mid-South is a corporation organized and existing under the laws of the State of Arkansas, with a principal place of business located at 3805 Pointer Trail East, Van Buren Arkansas 72956.

4. At all times material hereto, Mid-South was engaged in the business of providing services and materials for boiler and condensate return systems for use at commercial, industrial, school and institutional businesses and facilities.

5. At all times material hereto, the services and materials provided by Mid-South included the development, engineering, manufacture, fabrication, assembly, testing, inspection, supply, distribution, sale, installation, and placement into the stream of commerce pressure vessel tanks for use at commercial rendering plant facilities.

6. At all times material hereto, the services provided by Mid-South included the inspection, testing, repair and maintenance of pressure vessel tanks for use at commercial rendering plant facilities.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a), since the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000) and there is diversity of citizenship between the Plaintiff and Defendant.

8. Venue is proper in this judicial district as the facts giving rise to Plaintiff's cause of action occurred in this judicial district.

## GENERAL ALLEGATIONS

9. Mid-South designed, engineered, developed, manufactured, fabricated, assembled, tested, inspected, supplied, distributed, sold, installed and placed into the stream of commerce a pressure vessel tank which was used by Valley Protein for its operations at the rendering plant (hereinafter referred to as "the pressure vessel tank").

10. After installation of the pressure vessel tank at Valley Protein, Mid-South inspected, tested, repaired and maintained the pressure vessel tank at the Valley Protein rendering plant.

11. On December 24th, 2015 Valley Proteins was in the process of conducting operations at the rendering plant when the pressure vessel tank failed and, as result, an explosion occurred when the end cap blew off of the pressure vessel tank.

12. The failure of the pressure vessel tank caused substantial damage to the real and business personal property of Valley Proteins as well as damages as a result of extra expenses incurred and loss of production.

13. The failure of the pressure vessel tank and the resulting damages sustained by Valley Proteins were caused by defective, deficient, improper and inadequate engineering, manufacturing, fabrication, assembly, testing, inspection and installation of the pressure vessel tank by Mid-South.

14. The failure of the pressure vessel tank and the resulting damages sustained by Valley Proteins were caused by defective, deficient, improper and inadequate inspection, testing, repair, and maintenance of the pressure vessel tank by Mid-South.

15. The aforesaid actions and inactions of Mid-South which caused the failure of the pressure vessel tank and the resulting damages sustained by Valley Proteins included, but were not limited to, defective, deficient, improper and inadequate treatment of the pressure vessel tank by Mid-South in order to relieve stresses during and after the initial Mid-South fabrication and manufacturing of the pressure vessel tank and prior to the Mid-South subsequent sale, supply, distribution and installation of the pressure vessel tank to and at Valley Proteins.

16. The aforesaid actions and inactions of Mid-South which caused the failure of the pressure vessel tank and the resulting damages sustained by Valley Proteins included, but were not limited to, defective, deficient, improper and inadequate inspection, testing, repair, and maintenance of the pressure vessel tank by Mid-South after installation at the Valley Protein facility and included but was not limited to, the failure to identify and/or address the improper and inadequate treatment of the pressure vessel tank by Mid-South in order to relieve stresses.

17. The aforesaid actions and inactions by Mid-South caused the pressure vessel tank to become susceptible to cracking and catastrophic failure during normal use and operation by Valley Proteins and, as a result, the end cap on the pressure vessel tank blew off thereby causing the explosion at the rendering plant on December 24, 2015.

18. As a result of the failure of the pressure vessel tank and subsequent explosion, Valley Proteins sustained substantial damage to real and business personal property, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT ONE
## NEGLIGENCE

19. Valley Proteins incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

20. Mid-South owed a duty to Valley Proteins to develop, design, engineer, manufacture, fabricate, assemble, test, inspect, supply, sell, distribute, install, repair and maintain

the pressure vessel tank in a responsible and safe manner so as not to cause injury or damage to consumers and users, including Valley Proteins.

21. By developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling, distributing and installing the pressure vessel tank in a defective and deficient manner, and in subsequently testing, inspecting, repairing and maintaining the pressure vessel in an defective, deficient, improper and inadequate manner, Mid-South placed into the stream of commerce a product which was unreasonably dangerous to consumers and users, including Valley Proteins.

22. By developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling, distributing and installing the pressure vessel tank in a defective and deficient manner, and in subsequently testing, inspecting, repairing and maintaining the pressure vessel in an defective, deficient, improper and inadequate manner, Mid-South breached the duty it owed to Valley Proteins

23. The pressure vessel tank was defective and deficient in development, design, engineering, manufacture, fabrication, assembly, testing, inspection and installation because it failed under normal and foreseeable use and conditions, and spontaneously and unexpectedly exploded thereby causing substantial damages.

24. The pressure vessel tank was defective and deficient and unreasonably dangerous in development, design, engineering, manufacture, fabrication assembly, testing, inspection and installation in that it was susceptible to corrosion and cracking, which resulted in the failure of the end cap on the pressure vessel tank which blew off under normal operating conditions and caused the explosion and resulting damages claimed herein.

25. The explosion and resulting damages to Valley Proteins were proximately caused by the negligence, carelessness and wrongful actions and inactions of Mid-South which included, but were not limited to, the following:

(a) Inadequately and improperly engineering, designing, manufacturing, fabricating, assembling, testing, inspecting and installing the pressure vessel tank

(b) Supplying the pressure vessel tank in a condition which Mid-South knew or should have known subjected the property of Valley Proteins to an unreasonable risk of harm;

(c) Failing to adequately, properly, and safely assemble, test, inspect and/or install the pressure vessel tank;

(d) Failing to adequately, properly and safely inspect, repair and/or maintain the pressure vessel at the Valley Proteins facility after installation;

(e) Failing and omitting to do and perform those things necessary in order to avoid an unreasonable risk of harm to Valley Proteins;

(f) Failing to warn Valley Proteins and others of the substantial risk and danger presented by the pressure vessel tank; and

(g) Otherwise failing to use due care under the circumstances.

26. As a direct and proximate result of the aforesaid negligence, carelessness, and wrongful actions and inactions of Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT TWO
## BREACH OF IMPLIED WARRANTY

27. Valley Proteins hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

28. In developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling, distributing, installing, repairing and maintaining the pressure vessel tank, Mid-South impliedly warranted that it was fit for the particular and ordinary purpose for which it was intended and that the pressure vessel tank was of good and merchantable quality.

29. By developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling distributing, installing, repairing and maintaining the pressure vessel tank in a defective, deficient and unreasonably dangerous condition, Mid-South breached its implied warranty.

30. As a direct and proximate result of the aforesaid breaches of warranty by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT THREE
## BREACH OF EXPRESS WARRANTY

31. Valley Proteins hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

32. In developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling distributing, installing, repairing and maintaining the pressure vessel tank, Mid-South expressly warranted that it was fit for the particular and ordinary purpose for which it was intended and that the pressure vessel tank was of good and merchantable quality.

33. By developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling distributing, installing, repairing and maintaining the pressure vessel tank in a defective, deficient and unreasonably dangerous condition, Mid-South breached its express warranty.

34. As a direct and proximate result of the aforesaid breaches of warranty by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $10,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT FOUR
## BREACH OF CONTRACT

27. Valley Proteins hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

28. For good and valuable consideration Valley Proteins contracted with Mid-South to develop, design, engineer, manufacture, fabricate, assemble, test, inspect, supply, sell, and install the pressure vessel tank.

29. For good and valuable consideration Valley Proteins contracted with Mid-South to inspect, repair and maintain the pressure vessel tank after the installation of the pressure vessel by Mid-South.

30. Mid-South breached its contract when it developed, designed, engineered, manufactured, fabricated, assembled, tested, inspected, sold, and installed the pressure vessel in a defective, deficient and unreasonably dangerous condition.

31. Mid-South breached its contract when it subsequently inspected, repaired and maintained the pressure vessel and failed to note and/or address the defective, deficient and unreasonably dangerous condition of the pressure vessel.

32. The breaches of contract by Mid-South included, but are not limited to, defective, deficient, improper and inadequate treatment of the pressure vessel tank by Mid-South in order to relieve stresses during and after the initial Mid-South fabrication and manufacturing of the

pressure vessel tank and prior to the subsequent sale, supply, distribution and installation of the pressure vessel tank.

33.     The breaches of contract by Mid-South included, but are not limited to, defective, deficient, improper and inadequate inspection, repair and maintenance of the pressure vessel which failed to note and/or address the defective, deficient and unreasonably dangerous condition of the pressure vessel.

34.     The aforesaid breaches of contract by Mid-South caused and allowed the pressure vessel tank to become susceptible to cracking and catastrophic failure during normal use and operation by Valley Proteins and, as a result, the end cap on the pressure vessel tank blew off thereby causing the explosion at the rendering plant on December 24, 2015

35.     As a direct and proximate result of the aforesaid breaches of contract by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: January 10, 2017         **VALLEY PROTEINS, INC.**

By:       */s/ David C. Hartnett*
           Of Counsel

James L. Chapman, IV, VSB No. 21983
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
dhartnett@cwm-law.com

Daniel C. Theveny, Esquire
(to seek admission *pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 665-4194
Fax:   (866) 240-3638
dtheveny@cozen.com

Samuel J. Pace, Jr., Esquire
(to seek admission *pro hac vice*)
DUGAN BRINKMANN MAGINNIS AND PACE
1880 John F. Kennedy Blvd., Suite 1400
Philadelphia, PA 19103
Phone: (215) 563-3500
Fax:   (866) 563-5610
sjpace@dbmplaw.com

*Counsel for Plaintiff*