IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VALLEY PROTEINS, INC.,

    Plaintiff,

v.                                                  Civil Action No.:  2:17cv19

MID-SOUTH STEAM BOILER AND
ENGINEERING CO., INC.,

    Defendant.

**MID-SOUTH STEAM BOILER AND ENGINEERING CO., INC.'S
ANSWER TO SECOND AMENDED COMPLAINT, DEFENSES,
AFFIRMATIVE DEFENSES, AND SPECIAL PLEAS, AND JURY
DEMAND**

NOW COMES defendant, Mid-South Steam Boiler and Engineering Co., Inc. ("Mid-South"), by counsel, and for its Answer to Second Amended Complaint, Defenses, Affirmative Defenses, and Special Pleas, and Jury Demand, states as follows:

**ANSWER TO SECOND AMENDED COMPLAINT**

**PARTIES**

1.      Mid-South has insufficient information to either admit or deny the allegations in Paragraph No. 1, and therefore, denies same and calls for strict proof thereof.

2.      Mid-South has insufficient information to either admit or deny the allegations in Paragraph No. 2, and therefore, denies same and calls for strict proof thereof.

3.      Mid-South admits the allegations in Paragraph No. 3.

4.      Mid-South admits only that Paragraph No. 4 contains a general description of the business in which it was engaged.  To the extent Paragraph No. 4 contains additional allegations, they are denied.

5. Mid-South admits only that Paragraph No. 5 contains a general description of services and materials it sometimes provided as part of its business. To the extent Paragraph No. 5 contains additional allegations, including any allegations that Mid-South performed all of the listed services with respect to the pressure vessel tank that is the subject of this litigation, those allegations are denied.

6. Mid-South admits only that Paragraph No. 6 contains a general description of services it sometimes provided as part of its business. To the extent Paragraph No. 6 contains additional allegations, including any allegations that Mid-South performed all of the listed services with respect to the pressure vessel tank that is the subject of this litigation, those allegations are denied.

## JURISDICTION AND VENUE

7. The allegations in Paragraph No. 7 call for legal conclusions, to which no response is required.

8. The allegations in Paragraph No. 8 call for legal conclusions, to which no response is required.

## GENERAL ALLEGATIONS

9. Mid-South has insufficient information to either admit or deny the allegations in Paragraph No. 9, and therefore, denies same and calls for strict proof thereof.

10. Mid-South admits the allegations in Paragraph No. 10.

11. Mid-South admits that it collaborated with Perdue Farms in designing the Pressure Vessel Tank, and that Mid-South supplied, assembled, and installed the Pressure Vessel Tank at the Rendering Plant, pursuant to its contract with Perdue Farms. However, Mid-South denies that it manufactured the component parts of same. To the extent Paragraph No. 11 contains additional or contrary allegations, they are denied.

12. Mid-South admits that it collaborated with Perdue Farms in designing the Pressure Vessel Tank, and that Mid-South engineered, supplied, assembled, and installed the Pressure Vessel Tank at the Rendering Plant, pursuant to its contract with Perdue Farms. Mid-South further admits that the cylinder and heads of the Pressure Vessel Tank were made using carbon steel, as designed. However, Mid-South denies that it manufactured the component parts of the Pressure Vessel Tank. The intended meaning of the term "developed" is unclear, and thus, defendant has insufficient information to either admit or deny that allegation, and therefore, denies same and calls for strict proof thereof. To the extent Paragraph No. 12 contains additional or contrary allegations, they are denied.

13. Mid-South admits that it performed inspections of the Pressure Vessel Tank during the installation process. To the extent Paragraph No. 13 contains additional or contrary allegations, they are denied.

14. Mid-South admits the allegations in Paragraph No. 14.

15. Mid-South admits only that it provided a technician, for a short period of time after installation of the Pressure Vessel Tank, to show Perdue Farms how to operate same, including proper start up and shut down. To the extent Paragraph No. 15 contains additional or contrary allegations, they are denied.

16. Mid-South denies the allegations in Paragraph No. 16, and calls for strict proof thereof.

17. Upon information and belief, Mid-South admits the allegations in Paragraph No. 17, except that it denies the allegation that the Pressure Vessel Tank "failed" to the extent that term is intended to mean that it was defective or unreasonably dangerous in any manner when it left Mid-South's hands.

18. Mid-South admits that the subject explosion resulted in certain property damage at the site of the incident. Defendant has insufficient information to either admit or deny the remaining allegations in Paragraph No. 18, and therefore, denies same and calls for strict proof thereof.

19. Mid-South denies the allegations in Paragraph No. 19, and calls for strict proof thereof.

20. Based on the current available information and investigation into this matter, Mid-South admits that the Pressure Vessel Tank failed due to corrosion cracking that resulted from failure to maintain the proper water chemistry and to properly inspect and maintain the Pressure Vessel Tank after it left Mid-South's hands. To the extent Paragraph No. 20 contains contrary allegations, they are denied.

21. Mid-South denies the allegations in Paragraph No. 21, and calls for strict proof thereof.

22. Mid-South denies the allegations in Paragraph No. 22, and calls for strict proof thereof.

23. Mid-South admits that the subject explosion resulted in certain property damage at the site of the incident. Defendant has insufficient information to either admit or deny the remaining allegations in Paragraph No. 23, and therefore, denies same and calls for strict proof thereof.

**COUNT ONE**
**NEGLIGENT DESIGN AND MANUFACTURING**

24. Mid-South reasserts and incorporates by reference its previous answers and denials as if fully set forth herein.

25. The allegations in Paragraph No. 25 call for legal conclusions, to which no response is required.

26. The allegations in Paragraph No. 26 call for legal conclusions, to which no response is required.

27. Mid-South denies the allegations in Paragraph No. 27, and calls for strict proof thereof.

28. Mid-South denies the allegations in Paragraph No. 28, and calls for strict proof thereof.

29. Mid-South denies the allegations in Paragraph No. 29, and calls for strict proof thereof.

30. Mid-South denies the allegations in Paragraph No. 30, and calls for strict proof thereof.

31. Mid-South denies the allegations in Paragraph No. 31, and calls for strict proof thereof.

## COUNT TWO
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

32. Mid-South reasserts and incorporates by reference its previous answers and denials as if fully set forth herein.

33. The allegations in Paragraph No. 33 call for legal conclusions, to which no response is required.

34. The allegations in Paragraph No. 34 call for legal conclusions, to which no response is required.

35. The allegations in Paragraph No. 35 call for legal conclusions, to which no response is required.

I-1484163.1

36. Mid-South denies the allegations in Paragraph No. 36, and calls for strict proof thereof.

37. The allegations in Paragraph No. 37 call for legal conclusions, to which no response is required. To the extent a response is required, upon information and belief, Mid-South admits only that plaintiff was attempting to use the Pressure Vessel Tank for its ordinary purpose. Mid-South asserts that plaintiff abused and misused the Pressure Vessel Tank and that, at the time the subject incident occurred, the Pressure Vessel Tank was in a substantially altered condition from its condition at the time it left Mid-South's hands. To the extent Paragraph No. 37 contains additional or contrary allegations, they are denied.

38. Mid-South denies the allegations in Paragraph No. 38, and calls for strict proof thereof.

39. Mid-South denies that it is liable or indebted to plaintiff for any reason or in any sum.

40. Mid-South denies that plaintiff is entitled to any of the relief requested in any of the prayers for relief found in the Second Amended Complaint.

41. Mid-South calls for strict proof of all alleged liability and damages.

42. All allegations herein not expressly admitted are hereby denied.

**DEFENSES, AFFIRMATIVE DEFENSES, AND SPECIAL PLEAS**

1. Mid-South asserts that plaintiff's claims are barred by the doctrine of contributory negligence.

2. Mid-South asserts that plaintiff's claims are barred by the doctrine of the assumption of the risk.

3. Mid-South asserts that plaintiff's claims are barred by unforeseeable misuse of the Pressure Vessel Tank.

4.	Mid-South asserts that the alleged accident and damages, if any, were the result of substantial alteration and/or abuse of the Pressure Vessel Tank after it left the hands of Mid-South, thereby barring any liability.

5.	Mid-South asserts that plaintiff's claims for damage to the Pressure Vessel Tank are barred by the statute of limitations.

6.	Mid-South asserts that plaintiff's claims for damage to the Pressure Vessel Tank are barred by the economic loss rule.

7.	Mid-South asserts that plaintiff's claims are barred, in whole or in part, by the statute of repose.

8.	Mid-South asserts that plaintiff's implied warranty claims for consequential damages, including extra expenses incurred and loss of production, are barred because of the lack of privity between plaintiff and Mid-South.

9.	Mid-South denies that the Pressure Vessel Tank it sold and supplied was in a defective, unsafe, or unreasonably dangerous condition at the time it left Mid-South's control, and denies any notice or knowledge of any such alleged condition.

10.	Mid-South asserts that, at all times relevant to this claim, any conduct by it, and any conduct of others for whom it may be responsible, was in reasonable conformity with the state of the art and the applicable standards, and in conformity with all applicable federal, state, and local law, regulations, and ordinances.

11.	Mid-South asserts that the Pressure Vessel Tank satisfied applicable government standards, applicable industry standards, and reasonable consumer expectations.

12. Mid-South asserts that the plaintiff and/or others failed to comply with the directions, instructions, and/or warnings provided with respect to the Pressure Vessel Tank, which failure was the sole or a proximate cause of the alleged accident and damages, if any.

13. Mid-South asserts that the alleged accident and damages, if any, were proximately caused by the actions, inactions, and/or negligence of another party, or other parties, over whom this defendant had no control, and for whom this defendant is/was not responsible.

14. While denying all alleged negligence or liability, Mid-South asserts that the alleged accident and damages, if any, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of this defendant, thereby barring any liability.

15. Mid-South asserts that the corrosion and corrosion cracking of the Pressure Vessel Tank, and the hazards associated therewith, were open and obvious, thereby barring any liability.

16. Mid-South reserves the right to raise any defenses, affirmative defenses or special pleas about which it becomes aware during discovery or at the trial of this matter, and therefore, reserves the right to amend these responsive pleadings.

## **JURY DEMAND**

A trial by jury is demanded pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Mid-South Steam Boiler and Engineering Co., Inc., by counsel, prays that the Second Amended Complaint be dismissed with prejudice, that it be awarded its costs and expenses incurred herein, including attorneys' fees, and that this Court award it such other relief as deemed appropriate.

        Respectfully submitted,

        MID-SOUTH STEAM BOILER AND
        ENGINEERING CO., INC.


        By:     /s/
                Of Counsel

Kevin L. Keller (VSB No. 30731)
Patrick D. Blake (VSB No. 45194)
Jonathan T. Tan (VSB No. 88037)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:    757.628.5500
Facsimile:    757.628.5566
pblake@wilsav.com
*Counsel for Mid-South Steam Boiler and Engineering Co., Inc.*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th of May, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      James L. Chapman, IV, Esquire
      David C. Hartnett, Esquire
      Crenshaw, Ware & Martin, P.L.C.
      150 W. Main Street, Suite 1500
      Norfolk, VA 23510

      Daniel C. Theveny, Esquire
      Cozen O'Connor
      One Liberty Place
      1650 Market Street, Suite 2800
      Philadelphia, PA 19103

      Samuel J. Pace, Jr., Esquire
      Dugan Brinkmann Maginnis and Pace
      1880 John F. Kennedy Blvd., Suite 1400
      Philadelphia, PA 19103
      *Counsel for Plaintiff*



                                                                          Jonathan T. Tan

I-1484163.1